UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

LUIS CALLE,

                        Plaintiff,

                        -against-                 **COMPLAINT**

MEATBALLS, INC. d/b/a MARONI CUISINE and
MICHAEL MARONI,

                        Defendants.

-----------------------------------------------------------------------X

Plaintiff Luis Calle ("plaintiff" or "Calle"), by his attorneys Pechman Law Group

PLLC, complaining of defendants Meatballs, Inc. d/b/a Maroni Cuisine ("Maroni

Cuisine"), and Michael Maroni (collectively, "defendants"), alleges:

## NATURE OF THE ACTION

1.      This action is brought to recover unpaid overtime wages and statutory

penalties pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and

New York Labor Law § 190, *et seq.* ("NYLL").

2.      Maroni Cuisine is a popular fine dining restaurant located in Northport,

New York that was rated by Zagat as the second best restaurant on Long Island, New

York.

3.      The restaurant received notoriety for their famous Chef's Tasting Menu as

well as their gourmet meatballs.  The restaurant was featured on the Food Network

television show, "Throwdown with Bobby Flay," where defendant Michael Maroni was

selected to participate in a meatball cook-off with celebrity chef Bobby Flay.

4.      Plaintiff, a cook at Maroni Cuisine for the past ten years, was consistently

required by the restaurant to work in excess of forty hours per workweek and was paid

a flat weekly salary, regardless of the actual hours he worked.

5.     Defendants denied plaintiff overtime compensation for the hours he worked in excess of forty per workweek, and spread of hours pay when the length of his workday exceeded ten hours.

6.     Defendants failed to furnish plaintiff with annual wage notices and accurate wage statements. In fact, for the entirety of his employment, defendants paid plaintiff in weekly cash payments in blank envelopes, without providing any form of wage statement.

7.     Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, compensation for unpaid overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

8.     This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

9.     Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, as Maroni Cuisine is located in the Eastern District of New York.

## THE PARTIES

### Plaintiff

10.     Luis Calle resides in New York, New York.

11.     Calle was employed as a line cook at Maroni Cuisine from in or about 2001 to May 17, 2016.

2

**Defendants**

12.     Defendant Meatballs, Inc. owns and operates Maroni Cuisine located at 18 Woodbine Avenue, Northport New York 11768.

13.     Meatballs, Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

14.     Meatballs, Inc. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

15.     Meatballs, Inc. has an annual gross volume of sales in excess of $500,000.

16.     Defendant Michael Maroni ("Maroni") is an owner of Meatballs, Inc.

17.     Maroni exercises sufficient control over Meatballs, Inc. operations to be considered plaintiff's employer under the FLSA and NYLL.

18.     Maroni has the authority to hire and fire employees of Meatballs, Inc., set wages, and establish and implement the managerial and administrative practices at Maroni Cuisine.

19.     Maroni is regularly present and works in the kitchen of the restaurant to cook as well as to supervise the kitchen staff.

20.     Maroni directed and assigned plaintiff's daily work duties and assignments, gave plaintiff pay raises, and set plaintiff's work schedule.

## FACTUAL ALLEGATIONS

21.     Throughout his employment, defendants did not pay Calle overtime compensation or spread of hours pay.

22.     Calle worked primarily as a line cook in the kitchen but also prepared and received deliveries.

23.     From in or about 2010 until the end of his employment, Calle worked five days, Tuesday through Thursday from 12:30 p.m. to 10 p.m., and Friday and Saturday from 12:00 a.m. to 12:00 p.m., for approximately fifty-two and half hours.

24.     From in or about 2010 until the end of his employment, defendants paid Calle a fixed weekly salary of $850, regardless of the number of hours he worked.

25.     Calle was regularly required to work in excess of forty hours per workweek.

26.     Defendants did not compensate Calle with the appropriate overtime wages as required by the FLSA and the NYLL for hours worked in excess of forty per workweek.

27.     Defendants did not pay Calle one additional hour of pay at the statutory minimum hourly rate for each date that the length of the interval between the beginning and end of his workday was greater than 10 hours.

28.     Defendants did not make any efforts to monitor or record the actual hours worked by Calle.

29.     Defendants paid Calle in weekly cash payments, without providing any form of wage statement.

30.     Defendants failed to furnish Calle with wage statements at the end of every pay period accurately listing, *inter alia*: the overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages accompanying his weekly pay.

### FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

31.     Plaintiff repeats and re-alleges all forgoing paragraphs as if set forth herein.

32.     Defendants were required to pay plaintiff one and one-half (1½) times his regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207, et seq.

33.     Defendants failed to pay plaintiff the overtime wages to which he was entitled under the FLSA.

34.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay plaintiff overtime wages.

35.     Due to defendants' violations of the FLSA, plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

### SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

36.     Plaintiff repeats and re-alleges all forgoing paragraphs as if set forth herein.

37.     Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiff one and one half (1½) times the regular rate of pay for all hours he worked in excess of forty.

38.     Defendants failed to pay plaintiff the overtime wages to which he was entitled under the NYLL.

39.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff overtime wages.

5

40. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## THIRD CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Annual Wage Notices)

41. Plaintiff repeats and re-alleges all forgoing paragraphs as if set forth herein.

42. The NYLL and Wage Theft Prevention Act ("WTPA"), as well as the NYLL's interpretative regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

43. In violation of NYLL § 191, defendants failed to furnish plaintiff, at the time of hiring and whenever required by statute, with wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

44. Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages of $50 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

6

## FOURTH CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)

45.    Plaintiff repeats and re-alleges all foregoing paragraphs as if set forth herein.

46.    The NYLL and WTPA require employers to provide employees with an accurate wage statement each time they are paid.

47.    Throughout plaintiff's employment with defendants, defendants paid plaintiff without a wage statement at the end of every pay period accurately listing, *inter alia*: the overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

48.    Defendants failed to furnish plaintiff with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of the NYLL § 195(3).

49.    Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from defendants liquidated damages of $250 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## FIFTH CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

50. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

51. Defendants did not pay plaintiff the required spread-of-hours pay of an additional hour's pay at the minimum wage for every day in which his shift spanned more than ten hours.

52. Defendants willfully failed to pay plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which he worked more than ten hours.

53. By defendants' failure to pay plaintiff spread-of-hours pay, defendants willfully violated the NYLL Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, 146-1.6.

54. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover unpaid spread-of-hours pay, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, respectfully requests that this Court enter a judgment:

a. declaring that defendants have violated the overtime wage provisions of the FLSA;

b. declaring that defendants violated the spread of hours and notice and record keeping provisions of the NYLL;

c. declaring that defendants' violations of the FLSA and NYLL were willful;

8

d.      awarding plaintiff unpaid overtime wages;

e.      awarding plaintiff spread of hours pay;

f.      awarding plaintiff liquidated damages in an amount equal to twice

the total amount of the wages found to be due, pursuant to the FLSA and to the NYLL;

g.      awarding plaintiff liquidated damages as a result of defendants'

failure to furnish accurate wage statements and annual notices pursuant to the NYLL;

h.      awarding plaintiff pre- and post-judgment interest under the

NYLL;

i.      awarding plaintiff's reasonable attorneys' fees and costs pursuant

to the FLSA and the NYLL; and

j.      awarding such other and further relief as the Court deems just and

proper.

Dated:    New York, New York
          July 15, 2016

PECHMAN LAW GROUP PLLC

By:

Louis Pechman
Vivianna Morales
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
morales@pechmanlaw.com
*Attorneys for Plaintiff*